## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT WICHITA, KANSAS

MICHELLE BRENT

       Plaintiff,

v.                                                    Case No.

WALMART INC.

       Defendant.

## **COMPLAINT**

COMES NOW Plaintiff, Michelle Brent, by and through counsel, Jay Sizemore, Bradley A. Pistotnik, and J. Corey Sucher of Brad Pistotnik Law, P.A. and for Plaintiff's claims against Defendant, alleges and states:

1. The Plaintiff is a resident of Kansas.

2. Defendant, Walmart Inc., is a Delaware Corporation registered to conduct business in the State of Kansas. Walmart Inc., maybe served with process by serving its registered agent The Corporation Company, Inc., at 112 S.W. 7th Street Suite 3C, Topeka, Kansas 66603.

3. This Court has proper venue and jurisdiction over the persons and subject matter.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. On or about 5th day of September 2018, Plaintiff, was a customer at Walmart Inc., at facility number 6392, located at 2630 SE California Ave, Topeka, Shawnee County, Kansas 66605.

6. The Plaintiff was walking inside the store, and slipped and fell while on the premises owned, operated and maintained by the Defendant.

7. The area where Plaintiff slipped and fell was wet. Plaintiff slipped and fell due to the unsafe flooring conditions.

8. After Plaintiff's fall, a female employee of the Defendant made an admission against interest when she told a person entering the store to be careful as a woman had just fallen on a wet rug inside the store.

9. The actions and omissions of Defendant, Walmart Inc., are negligent and careless, for the following reasons:

   A) Failure to maintain and/or repair the premises by properly installing, removing and/or replacing the unsafe floormat(s);

   B) Creating a dangerous tripping hazard by leaving a wet rug out on the floor of the store and in the path of customers;

   C) Allowing a dangerous and unmarked wet fall hazard to remain out on the floor of the store;

   D) Failure to utilize property slip and fall protection;

   E) Improper installation and use of floor mats;

   F) Failure to properly supervise cleaning, maintenance and repairs to prevent customers from being injured;

   G) Failing to check for dangerous falling / tripping hazards in high traffic areas of the store;

   H) Failing to put away / clean up a dangerous falling / tripping hazard that it created or allowed in the store;

I) Failing to utilize a safety system to check for routine falling / tripping hazards that could foreseeably cause injury to customers when Defendants knew or reasonably should have known that the wet rug and / or other items in question were a falling / slip hazard and would knowingly cause harm to customers in the store;

J) Failing to utilize a safety system that would routinely check for routine water, maintenance concerns and / or flooring issues that could foreseeably cause injury to customers when Defendant knew or reasonably should have known that the flooring and mat were wet or defective and would knowingly cause harm to customers in their store;

K) Failure to utilize an audible warning system to warn customers of hazards and failure to have a system in place to help other customers warn management when they see a problem that needs to be fixed;

L) Failure to warn by placement of warning signs or other warning devises to let people know not to walk on the area of the floor was wet;

M) Creation of active negligence by creation of a hazardous situation;

N) Failure to use ordinary and reasonable care in maintenance of the premises as required under the case of *Jones v. Hansen* 254 Kan. 499. (1994);

O) Failure to use and / or follow company protocols and procedures after rain or thunderstorms, including but not limited to, placing additional floor mats in the area, dry mopping every fifteen minutes, replacing wet mats, and / or removal of saturated mats and repeating the procedures;

P) Failure to blockade or barricade off the area to prevent injury;

Q) Negligent hiring, retention, qualification, supervision, and training of the

managers, employees, agents, independent contractors and supervisory personnel by Defendant;

R) Defendant and their respective agents, employees and representatives were careless, negligent and wanton for negligent hiring, training, supervision, and retention of store managers, assistant managers, employees, agents, independent contractors and other servants overseeing the day to day operation of the store as well as their statewide, regional and nationwide managers and other supervisory personnel. Defendant, negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to store management and supervisory personnel;

S) Defendant negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their managers, employees and agents, including, but not limited to supervisory personnel.  Defendant, knew or reasonably should have known that they were not hiring safe and competent managers, employees, agents, independent contractors and supervisory personnel and negligently and wantonly violated their duty to hire only safe and competent managers, employees, agents, independent contractors and supervisory personnel. Defendant, knew or reasonably should have known that their managers, employees, agents and independent contractors including, but not limited to their supervisory personnel, created and were an undue risk of harm to the Plaintiff, and negligently and wantonly failed to reprimand, retrain,

        or terminate their managers, employees, agents, and independent contractors, including the supervisory personnel;

T) Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents and independent contractors including the supervisory personnel proximately caused the injuries to the Plaintiff;

U) Failing to have adequate safety management protocols in place through the use of an employee orientation, use of safety manuals and training videos along with a comprehensive testing program that would allow them to determine if their safety program was comprehended and understood by the managers, employees, agents, independent contractors and supervisory personnel;

V) Negligence and negligence per se for violation of laws, ordinances, and/or statutes of the State of Kansas and/or the County of Shawnee and/or the City of Topeka; and

W) Other negligent actions and omissions, which will be supplemented after discovery.

11. As a further direct and proximate result of the negligent and careless actions and omissions of the Defendant, Walmart Inc., as aforesaid, the Plaintiff was injured. When Ms. Brent slipped and fell on the wet floor in the Walmart store, she landed on her right lower extremity and sustained a comminuted fracture to her right femur and an MCL tear to her right knee. Ms. Brent was transported via EMS to the ER at Stormont Vail where she stayed for approximately seven hours and was then transferred via EMS to KU Medical Center in Kansas City where she was admitted to the trauma unit and underwent a surgery to repair and stabilize her femur fracture.

>Following her surgery, Ms. Brent was seen extensively by her physicians, and when she continued to experience pain and instability in her right leg and knee, she underwent surgery again on April 4, 2019 to repair her ruptured MCL and rodding to permanently stabilize her right femur. On July 2, 2019, Ms. Brent underwent surgery for lysis of adhesions due to scar tissue which was resultant from the surgery on April 4, 2019. The Plaintiff may have suffered an aggravation a pre-existing condition. The Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future the Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, wage loss, permanent disfigurement, scarring, and permanent disability. For the aforementioned damages, the Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

12. Plaintiff brings a claim for loss of consortium and loss of services suffered by her spouse.

WHEREFORE, the Plaintiff prays for judgment against Defendant in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Jay Sizemore*_____
Jay Sizemore, #20395
Bradley A. Pistotnik, #10626
J. Corey Sucher, #27789
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
316-684-4400 ; Fax: 316-684-4405
Brad@BradPistotnikLaw.com
Jay@BradPistotnikLaw.com
Corey@BradPistotniklaw.com

## **DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

COMES NOW the Plaintiff and demands a pretrial conference and a trial by jury in this matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Jay Sizemore* _____
Jay Sizemore, #20395

## **DESIGNATION FOR PLACE OF TRIAL**

COMES NOW the Plaintiff and designates Wichita, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Jay Sizemore*_____
Jay Sizemore, #20395