IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHELLE BRENT, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>WALMART, INC., )<br> )<br>Defendant. ) | Case No. 20-cv-1158-TC-TJJ |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend to Add Claim for Punitive Damages Against Defendant (ECF No. 71). Plaintiff seeks leave to amend her complaint to include a claim for punitive damages. Defendant opposes the motion. Upon consideration of the matter, the Court finds the motion should be granted.

**Factual Background**

Plaintiff brings this action for injuries she allegedly suffered when she slipped and fell while entering the interior garden center entrance of a Walmart store on California Avenue in Topeka, Kansas. Plaintiff's Amended Complaint[1] alleges multiple ways in which Defendant violated its own policies, procedures, and safety rules, which Plaintiff contends resulted in unsafe conditions that caused her fall. Although the Amended Complaint includes several allegations of Defendant's wanton conduct and of unsafe conditions Defendant knew or should have known about, the pleading did not state a claim for punitive damages.

---

[1] ECF No. 4 (filed June 30, 2020).

Defendant made its Rule 26(a)(1) Initial Disclosures on September 21, 2020, which included surveillance video and relevant policies and procedures.

The Scheduling Order[2] set a deadline of October 14, 2020 for the parties to seek to amend their pleadings or join additional parties. Plaintiff did not seek to amend her pleadings by the deadline. But on February 16 and 17, 2021, Plaintiff deposed three witnesses who provided testimony Plaintiff contends justify a claim for punitive damages. Summarily stated, a former employee testified she had placed Defendant on notice numerous times of some of the allegedly dangerous conditions present when Plaintiff fell and was injured. And a corporate representative and one of Defendant's managers testified that in contravention of Walmart policy, immediately after Plaintiff's fall Defendant allowed a maintenance man to run a dry mop/dry broom over the area. Although Defendant's policy required photos to be of an unaltered scene, Defendant's manager testified she photographed the area after the floor had been dried.

Plaintiff asserts she could not have known these facts and therefore had no basis to seek punitive damages before the amendment deadline. Defendant disagrees, stating the information was evident from its Initial Disclosures. Defendant asserts it would suffer undue prejudice if the motion is granted, and contends the proposed amendment is futile because it fails to state a claim for punitive damages.

**Legal Standard**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a

---

[2] ECF No. 38. Although the Court later issued an Amended Scheduling Order (ECF No. 68), this deadline was not modified.

responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[3] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[4] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[5] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[7]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[8]

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[9] In other words, the court will first determine whether the moving party has established "good cause" within the

---

[3] Fed. R. Civ. P. 15(a)(1).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[7] *Id.* (quoting *Foman*, 371 U.S. at 182).

[8] Fed. R. Civ. P. 16(b)(4).

[9] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[10]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[11] The lack of prejudice to the nonmovant does not show good cause.[12] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[13]

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[14] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[15] A complaint or amendment thereof need only make a statement of the

---

[10] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[11] *Id.* at *5.

[12] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[13] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

[14] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[15] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

claim and provide some factual support to withstand dismissal.[16] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[17] The party opposing the proposed amendment bears the burden of establishing its futility.[18]

**Analysis**

Timing is the only issue to be considered in connection with whether Plaintiff has shown good cause for filing this motion after the deadline passed. Defendant argues Plaintiff's motion should be denied as untimely because Plaintiff had the same information to which the deponents testified more than three weeks before the October 14, 2020 deadline to amend her complaint. The Court is not persuaded. Plaintiff does not deny she was on notice of Defendant's policies and procedures, having received them in Defendant's Initial Disclosures. Presumably, Plaintiff referred to those policies and procedures during the February depositions to test whether Defendant complied with them following Plaintiff's fall. But the surveillance video was just that—it had no audio—and it did not identify the person who was running the broom/mop over the area where Plaintiff fell, why he was doing it or at whose direction, whether members of management were present, or who was photographing the area. Moreover, nothing in Defendant's Initial Disclosures put Plaintiff on notice that a former Walmart employee and greeter would testify she had repeatedly notified Defendant in advance of Plaintiff's fall of the

---

[16] *Twombly*, 550 U.S. at 555.

[17] *Id.* at 556.

[18] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

safety violations Plaintiff alleges caused her injuries, and that Defendant did not address the alleged violations. The Court finds Plaintiff has demonstrated good cause under Rule 16(b)(4).

With respect to Rule 15 analysis, Defendant argues it will be unduly and greatly prejudiced if the Court grants Plaintiff's motion. Specifically, Defendant asserts it would have to obtain at least one additional expert witness, discovery would have to be extended or re-opened, and the dispositive motions deadline and trial setting would change. The Court acknowledges the Scheduling Order, which the Court agreed to amend pursuant to the parties' joint request when "[t]he identity of previously-unknown witnesses and new information came to light in depositions of Plaintiff and of Defendant's witnesses in early February 2021,"[19] may require further amendment. But applying the language of Rule 15, the Court finds no undue delay, bad faith or dilatory motive on the part of Plaintiff.

Finally, Defendant argues the motion should be denied for futility. It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[20] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to relief.[21] The issue before this Court is therefore not whether Plaintiff ultimately will prevail on her prayer for punitive

---

[19] Joint Motion to Amend Scheduling Order (ECF No. 67) at 2.

[20] *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

[21] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

damages, but whether she is entitled to offer evidence to support her alleged entitlement thereto.[22]

Although Defendant recites in part the correct legal standard for determining futility, it also argues the new facts Plaintiff alleges would only go to a negligence claim and would not support a finding of "willful or wanton conduct" required to submit a claim for punitive damages. "Under federal law, a party may include a punitive damage claim in its pleading as long as it is pled with specificity. However, under Kansas law, a party may seek leave to add a punitive damage claim by filing the proper motion and presenting affidavits showing there is a probability, using a clear and convincing evidentiary standard, it will prevail in showing the opposing party acted with willful or wanton conduct."[23] The proposed Second Amended Complaint states facts with sufficient specificity to make Plaintiff's punitive damages claim plausible on its face.[24] Defendant has not met its burden to show Plaintiff's proposed amendment is futile.

The Court concludes Plaintiff has established good cause to justify her untimely motion, and Plaintiff's proposed Second Amended Complaint is not futile. Plaintiff should be afforded the opportunity to offer evidence to support her allegations. Defendant will not suffer undue prejudice from the amendment, and the Court finds that justice requires granting Plaintiff's motion.

---

[22] *Beach v. Mutual of Omaha Ins. Co.,* 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

[23] *Prather v. First Student Inc.*, No. 18-cv-02178-CM-GEB, 2018 WL 6659614, at *6 (D. Kan. Nov. 21, 2018) (citing Fed. R. Civ. P. 9(g); other citations omitted).

[24] *See Somrak v. Kroger Co.*, No. 17-2480-CM-GEB, 2018 WL 1726346, at *4 (D. Kan. April 10, 2018).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend to Add Claim for Punitive Damages Against Defendant (ECF No. 71) is **GRANTED**. In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve her Second Amended Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2021 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge